**In the Matter of Jodie Joan HAMER, Debtor.**

**AVCO FINANCE COMPANY, Plaintiff,**

**v.**

**Jodie Joan HAMER, Defendant.**

**Bankruptcy No. 1–80–01739.
Adversary No. 1–80–0227.**

United States Bankruptcy Court,
S. D. Ohio, W. D.

Jan. 21, 1981.

Donna C. Schultz, Cincinnati, Ohio, for the debtor-defendant.

Robert S. Hiller, Cincinnati, Ohio, for the creditor-plaintiff.

## ORDER DETERMINING DEBT TO BE DISCHARGEABLE

LEONARD C. GARTNER, Bankruptcy Judge.

This cause came on to be heard upon the complaint of plaintiff, filed September 24, 1980, objecting to the dischargeability of its debt pursuant to 11 U.S.C. § 523(a); upon the answer of the defendant filed November 28, 1980, and upon the testimony and the exhibits.

11 U.S.C. § 523(a) provides in pertinent part:

"A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—...
(2) for obtaining money, property, services, or an extension, renewal, or refinancing of credit by—...
(B) use of a statement in writing—...
(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;
(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and
(iv) that the debtor caused to be made or published with intent to deceive; ..."

The matter in controversy concerns the refinancing of a loan with Avco Financial Services on May 19, 1980 by the debtor, and the issuance of a statement of indebtedness which is alleged to be materially false and relied upon by plaintiff in granting the loan.

The testimony reveals that debtor's first loan transaction with Avco, a retail installment contract, was in 1978. This loan was refinanced in 1978, 1979 and again in May, 1980 (the transaction in question herein).

At the time of this last financing agreement, debtor was married but separated from her husband (since 1978) and had filed for a divorce. This fact is important in that it reveals the debtor's state of mind and intent in listing the debts on the statement of indebtedness. Presently, the couple is residing together.

When the debtor separated from her husband he took, as the debtor testified, ... "everything with him", and agreed to pay all the debts. When asked to list all her obligations, debtor's understanding, as revealed through her testimony, was that she was to list only those debts she solely owed and incurred after the separation. She was not aware of any responsibility on her husband's debts or their joint ones during coverture, since the "cards were in his name". The debts alleged to have been left off the statement were separate accounts, and accounts which were genuinely understood by the debtor to her husband's sole responsibility and those which he agreed to pay.

The substance of such testimony (irrefuted) shows lack of an intent to deceive by the debtor as a requisite to nondischargeability under 11 U.S.C. 523(a).

Plaintiff has the burden of proof, set forth by *In re Paul Edward Campbell*, No.

56018 (S.D.Ohio, 1972) to establish the non-dischargeability of a debt by clear and convincing evidence. Such burden has not been met.

The debt of Jodie Joan Hamer arising from the transaction with Avco Financial Services on May 19, 1980, is declared dischargeable.

IT IS SO ORDERED.